## GUARANTY TRUST CO. OF NEW YORK v. WILLIAMSPORT WIRE ROPE CO.

### No. 959.

District Court, M. D. Pennsylvania,
March 14, 1946.

Charles Bidelspacher and Charles F. Greevy, both of Williamsport, Pa., for petitioners.

Robert T. McCracken, of Philadelphia, Pa., and William J. Fitzgerald, of Scranton, Pa., for Bethlehem Steel Co.

WATSON, District Judge.

Petition by some of the stockholders of the Williamsport Wire Rope Company for the appointment of receivers of property, etc., in possession of the Bethlehem Steel Company, is now before this Court for disposition.

The Williamsport Wire Rope Company was reorganized by proceedings in this Court. The request for the appointment of receivers is incidental to the main object of the proceeding, which is. to set aside a sale to the Bethlehem Steel Company of the assets of the Williamsport Wire Rope Company, which sale was a foreclosure sale and took place nine years ago. An answer to the petition to set aside the sale was duly filed by the Bethlehem Company.

This Court would have no hesitancy in appointing a receiver if it were convinced that it was necessary to prevent a manifest wrong and injury imminently pending, or that the petitioners will suffer harm or waste in respect to the property, before a full trial of the merits could be had. Another serious difficulty would at once confront the Court were it convinced of the necessity of such action, and that is, the specific designation of the property which is the subject of the litigation, that the receiver would assume custody of for the Court. I am not sure of either the imminence of the wrong or the specific property, and to compel the Bethlehem Steel Company to give up its property to the custody of the Court at this stage of the proceedings would certainly be an extraordinary remedy not warranted by the immediate circumstances of the proceedings. Such extraordinary action would probably damage the Bethlehem Steel Company and, in the end, might even seriously damage the petitioners themselves, and this even though the receivership would be limited to the property the subject of this litigation. This Court will not assume such power in the present state of the record. United States v. Dominion Oil Co., D.C., 241 F. 425–427; Bowman v. Gum, Inc., 321 Pa. 516–525, 184 A. 258.

It should also be observed that the value of the net assets of the Bethlehem Steel Company are many times in excess of the value of that which the stockholders contend should be paid to and returned to the estate of the Williamsport Wire Rope Company. Therefore, it cannot be said that the petitioners are not amply secured, but it is obvious that any valid decree of this Court in favor of the petitioners and against the Bethlehem Steel Company will be fully satisfied, in kind or in money or both.

The denial of this extraordinary remedy, at this time must not be construed as a prejudgment of the proceedings on the merits. By proper formal order, a way has been opened for the hearing on the issues presently made by the petition and answer.

The rule to show cause why a receiver should not be appointed is discharged, and the appointment of a receiver at this time is denied.